UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| FREMIA CEBALLOS-GERMOSÉN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:16-cv-02944-JAW |
| ) | |
| SOCIEDAD PARA LA ASISTENCIA ) | |
| LEGAL, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER ON MOTION IN LIMINE TO BAR EVIDENCE OF RETALIATION**

An employer-defendant moves to exclude eight specific items of evidence it contends are related solely to a dismissed claim of unlawful retaliation and are unrelated to the remaining hostile work environment claim. As the employee-plaintiff agrees that evidence of retaliation is inadmissible but failed to address any of the eight items of allegedly retaliatory evidence, the Court grants the employer's motion in limine and excludes these eight items because the employee-plaintiff waived the right to challenge these items by failing to address them.

**I.    BACKGROUND**

   **A.    The Complaints**

On November 7, 2016, Fremia Ceballos-Germosén filed a job discrimination lawsuit against Sociedad para la Asistencia Legal (SAL), alleging that she was unlawfully discriminated against by SAL because of her sex and national origin, that SAL unlawfully retaliated against her when she complained, and that SAL unlawfully created a hostile work environment for her. *Compl.* (ECF No. 1). The

original Complaint contained two counts, one under federal and the other under Puerto Rico law, subsuming all these theories. *Id*. at 12-13. On March 28, 2017, Ms. Ceballos-Germosén filed an amended complaint, expanding on the factual allegations, but reasserting the same two counts and the same theories. *Am. Compl.* (ECF No. 24). On February 2, 2018, Ms. Ceballos-Germosén filed a second amended complaint, again refining the factual allegations, and retaining the same two counts and the same theories. *Second Am. Compl.* (ECF No. 55).

### B. The Dispositive Motion

On June 17, 2019, SAL moved for summary judgment against Ms. Ceballos-Germosén on all claims. *Mot. for Summ. J.* (ECF No. 90). After full briefing, on October 7, 2020, the late Judge Juan M. Pérez-Giménez issued an extensive order in which he denied the dispositive motion against Ms. Ceballos-Germosén's claims of sex and national origin discrimination against SAL only under Title VII and denied the motion as regards the claims against all defendants under Puerto Rico law. *Opinion and Order* at 36 (ECF No. 114). However, Judge Pérez-Giménez granted the motion for summary judgment against all retaliation claims under federal and state law. *Id.*

### C. Case Developments

After the October 7, 2020 order, the parties attempted to resolve the case and appeared at settlement conferences before the judges of this District; however, settlement was not achieved. After the untimely death of Judge Pérez-Giménez, the case was assigned to Judge Jay A. Garcia-Gregory on December 14, 2020, and on

June 28, 2022, the case was reassigned to this Judge. *Mem. of Clerk* (ECF No. 117); *Order Reassigning Case* (ECF No. 164). On May 2, 2022, Judge Garcia-Gregory issued an order in which he concluded that "a Pretrial/Settlement Conference will be more productive after resolving all evidentiary issues." *Order* (ECF No. 150). Accordingly, the Court is now resolving the pending motions in limine and following their resolution, the Court will set the matter for Final Pretrial Conference and trial.

## II.  THE PARTIES' POSITIONS

### A.  SAL's Motion in Limine

On June 24, 2022, SAL filed a motion in limine to bar evidence regarding Ms. Ceballos-Germosén's dismissed retaliation claim. *Mot. in Limine to Bar Evid. Regarding Pl.'s Dismissed Retaliation Cl. and the Incidents Alleged Under the Retaliation Cl.* (ECF No. 160) (*Def.'s Mot.*). SAL says that the only remaining claim is a hostile work environment claim, and it points to specific incidents of alleged retaliation that, in its view, are inadmissible to support the hostile work environment claim:

1) Because Ms. Ceballos-Germosén filed a discrimination claim, Alejandra Belmar and Lizette Melendez would criticize her and try to intimidate her in front of her peers. Jorge Farinacci informed Ms. Ceballos-Germosén that everyone at SAL knew that she had filed a discrimination claim with OSHA;

2) After Ms. Ceballos-Germosén filed a discrimination claim, and the State Insurance Fund ordered restitution, the SAL management ordered that Ms.

>   Ceballos-Germosén's cases be postponed, instead of having another attorney substitute for her, as was allegedly customary;
>
> 3) After Ms. Ceballos-Germosén filed her discrimination claim, management temporarily suspended her direct deposit;
>
> 4) After Ms. Ceballos-Germosén filed a Complaint, the secretaries allegedly filed a claim against her, and no one provided her a copy or a final decision on the matter. Because of this alleged complaint, the management instructed the secretaries to cease providing services to her and/or talking to her; and
>
> 5) After Ms. Ceballos-Germosén complained about discrimination, Jesus Hernández started to inform her clients that they could request a change of lawyer if they wanted to.

*Id.* at 3. To buttress its argument, SAL points out that Ms. Ceballos-Germosén did not include any of this evidence when she responded to discovery requests concerning her hostile work environment claim. *Id.* at 3-4. SAL contends that the "two separate claims" are "motivated by entirely different motives or animus," and therefore "evidence pertaining to the alleged acts of retribution (and any argument on those incidents) is irrelevant to Plaintiff's remaining claims for discrimination and should thus be excluded." *Id.* at 4-5. Nor, in SAL's view, should Ms. Ceballos-Germosén be allowed to "reframe the events" so that evidence that she proffered as part of her retaliation claim is transformed into evidence of a hostile work environment. *Id.* at 5.

### B. Fremia Ceballos-Germosén's Response

Ms. Ceballos-Germosén responded on July 8, 2022. *Resp. to Mot. in Limine at Docket No. 160 to "Bar Evid. Regarding Pl.'s Dismissed Retaliation Cl. and the Incidents Alleged Under the Retaliation Cl."* (ECF No. 167) (*Pl.'s Opp'n*). In her response, Ms. Ceballos-Germosén affirms that she "does not intend to discuss or introduce evidence of retaliation," nor, she says, has she "announced any in the pretrial memorandum, because it is no longer a cause of action." *Id.* at 2.

Even so, Ms. Ceballos-Germosén next cites the requirement that a movant in a motion in limine must identify the particular inadmissible evidence and asserts that, here, SAL violated this rule by "only proffer[ing] – at large – a general and categorial prohibition against any evidence (without specificity) or argument regarding retaliation." *Id.* Ms. Ceballos-Germosén urges the Court to address any issues "should the need arise in connection to *specific evidence* (which Plaintiff anticipates will not be the case)." *Id.* (emphasis in *Pl.'s Mot.*).

### C. SAL's Reply

On July 18, 2022, SAL filed its reply. *Reply to Resp. to Mot. in Limine at Docket No. 160 to "Bar Evid. Regarding Pl.'s Dismissed Retaliation Cl. and the Incidents Alleged Under the Retaliation Cl."* (ECF No. 177). SAL characterizes as "plainly untrue" Ms. Ceballos-Germosén's contention that SAL failed to specify the evidence it wished the Court to exclude, noting that its motion listed five specific items of retaliation evidence. *Id.* at 2.

### III. DISCUSSION

In the October 7, 2020, Opinion and Order, Judge Pérez-Giménez dismissed both federal and state law claims with prejudice. *Opinion and Order* at 36 ("[C]laims under Title VII retaliation provisions as well as Law 115 are hereby **DISMISSED WITH PREJUDICE**"). The Court is nonplussed by Ms. Ceballos-Germosén's assertion that SAL failed to itemize with specificity the allegedly inadmissible evidence of retaliation. SAL's motion mentions eight items of evidence related to the retaliation claim:

1) Alejandra Belmar's criticism of her and attempts to intimidate her in front of her peers;

2) Lizette Melendez's criticism of her and attempts to intimidate her in front of her peers;

3) Jorge Farinacci's informing Ms. Ceballos-Germosén that everyone at SAL knew that she had filed a discrimination claim with OSHA;

4) SAL management's ordering that Ms. Ceballos-Germosén's cases be postponed, instead of having another attorney substitute for her, as was customary;

5) After Ms. Ceballos-Germosén filed her discrimination claim, management temporarily suspended her direct deposit;

6) SAL management's failure or refusal to provide Ms. Ceballos-Germosén with a copy of the complaint that the secretaries had filed against her;

6

7) SAL management's instructions to the secretaries to cease providing services to her and/or talking to her; and

8) Jesus Hernández started to inform her clients that, if they wanted to do so, they could request a change of lawyer.

*Def.'s Mot.* at 3.

As the parties agree that evidence of retaliation is inadmissible and as Ms. Ceballos-Germosén failed to respond to the eight specific items of evidence of asserted retaliation that SAL moved to exclude, the Court concludes that Ms. Ceballos-Germosén waived the right to object to the inadmissibility of these eight items of evidence by failing to respond properly to SAL's motion. If there is an argument for the admissibility of the items of evidence SAL wants excluded, Ms. Ceballos-Germosén has not made it.

## IV. CONCLUSION

The Court GRANTS Sociedad para la Asistencia Legal's Motion in Limine to Bar Evidence Regarding Plaintiff's Dismissed Retaliation Claim and the Incidents Alleged Under the Retaliation Claim (ECF No. 160) and excludes the eight listed items of evidence from the trial of this case.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 17th day of October, 2022