UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| FREMIA CEBALLOS-GERMOSÉN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:16-cv-02944-JAW |
| ) | |
| SOCIEDAD PARA LA ASISTENCIA ) | |
| LEGAL, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER ON MOTION IN LIMINE TO BAR EXPERT TESTIMONY**

A plaintiff moves to exclude the testimony of a defense expert as violative of prior court orders, improperly relying on underlying facts not in evidence, usurping the role of the jury, and unduly cumulative. The court denies the plaintiff's expert exclusion motion on all matters except the plaintiff's demand that the court prohibit the defendant from calling as many as thirty-eight lay witnesses. On this last issue, the court is unable to address its merits until trial and therefore dismisses that part of the motion without prejudice.

**I.   BACKGROUND**

   **A.   The Plaintiff's Complaints**

On November 7, 2016, Fremia Ceballos-Germosén filed a job discrimination lawsuit against Sociedad para la Asistencia Legal (SAL), alleging that she was unlawfully discriminated against by SAL because of her sex and national origin, that SAL unlawfully retaliated against her when she complained, and the SAL unlawfully created a hostile work environment for her.  *Compl.* (ECF No. 1) (*Compl.*).  The

original Complaint contained two counts, one under federal and the other under Puerto Rico law, subsuming all these theories. *Id.* at 12-13. On March 28, 2017, Ms. Ceballos-Germosén filed an amended complaint, expanding on the factual allegations, but reasserting the same two counts and the same theories. *Am. Compl.* (ECF No. 24). On February 2, 2018, Ms. Ceballos-Germosén filed a second amended complaint, again refining the factual allegations, and retaining the same two counts and the same theories. *Second Am. Compl.* (ECF No. 55) (*Second Am. Compl.*).

### B. The Dispositive Motion

On June 17, 2019, SAL moved for summary judgment against Ms. Ceballos-Germosén on all claims. *Mot. for Summ. J.* (ECF No. 90). After full briefing, on October 7, 2020, the late Judge Juan M. Pérez-Giménez issued an extensive order in which he denied the dispositive motion against Ms. Ceballos-Germosén's claims of sex and national origin discrimination against SAL only under Title VII and denied the motion as regards the claims against all defendants under Puerto Rico law. *Opinion and Order* at 36 (ECF No. 114). However, Judge Pérez-Giménez granted the motion for summary judgment against all retaliation claims under federal and state law. *Id.*

### C. Case Developments

After the October 7, 2020 order, the parties attempted to resolve the case and appeared at settlement conferences before the judges of this District; however, settlement was not achieved. After the untimely death of Judge Pérez-Giménez, the case was assigned to Judge Jay A. Garcia-Gregory on December 14, 2020, and on

June 28, 2022, the case was reassigned to this Judge. *Mem. of Clerk* (ECF No. 117); *Order Reassigning Case* (ECF No. 164). On May 2, 2022, Judge Garcia-Gregory issued an order in which he concluded that "a Pretrial/Settlement Conference will be more productive after resolving all evidentiary issues." *Order* (ECF No. 150). Accordingly, the Court is now resolving the pending motions in limine and has set the matter for Final Pretrial Conference on December 5, 2022 at 1:00pm.

## II.   BACKGROUND DIRECTLY RELEVANT TO THE MOTION IN LIMINE

After Ms. Ceballos-Germosén filed her second amended complaint against SAL, *Second Am. Compl.*, on July 27, 2018, the Court issued an amended scheduling order, establishing several deadlines. *Am. Scheduling Order* (ECF No. 72). Relevant to the pending motion in limine, under the July 27, 2018 scheduling order, the Plaintiff was to disclose her expert witnesses by August 31, 2018 and supply her expert report by October 15, 2018, and the Defendants were to supply their expert reports by January 15, 2019. *Id.* at 1. The Court set a discovery deadline of March 15, 2019. *Id.*

On April 8, 2019, SAL filed a motion to strike the report of Dr. Haydee Costas, Plaintiff's expert, contending that Ms. Ceballos-Germosén had violated the scheduling order. *Defs. SAL and Vélez's Am. Mot. to Strike Pl.'s Expert Report* (ECF No. 81).[1] SAL complained that Ms. Ceballos-Germosén had failed to comply with the expert designation deadlines and on March 15, 2019, the last day of the discovery

---

[1]   This motion amended an original motion filed on April 5, 2019. *Defs. SAL and Vélez's Mot. to Strike Pl.'s Expert Report* (ECF No. 80).

3

period, Ms. Ceballos-Germosén had emailed SAL defense counsel an expert curriculum vitae and an expert report. *Id.* at 2. SAL demanded that Judge Pérez-Giménez exclude the late-filed expert report. *Id.* at 3.

On April 8, 2019, Judge Pérez-Giménez held a status conference and, according to Ms. Ceballos-Germosén's motion in limine, Judge Pérez-Giménez indicated to counsel that he intended to allow the Plaintiff's expert. *Mot. in Limine* at 2 (ECF No. 161) (*Pl.'s Mot.*). Judge Pérez-Giménez then inquired of the lawyers about the status of discovery. *Id.*. SAL informed Judge Pérez-Giménez that it had its own expert. *Id.* Judge Pérez-Giménez issued an order, setting a series of deadlines: 1) April 22, 2019, for the filing of SAL's expert's curriculum vitae, 2) expert witness depositions during the month of May 2019, and 3) dates for the filing of dispositive motions. *Min. Entry* (ECF No. 82). Judge Pérez-Giménez denied SAL's motion to strike. *Id.*; *Order* (ECF No. 83). On April 22, 2022, SAL filed the curriculum vitae of its expert, Dr. José Franceschini, *Defs.' SAL and Vélez's Mot. Submitting Expert CV in Compliance with Order at Docket No. 82* (ECF No. 84). But SAL did not file Dr. Franceschini's expert report.

In the fall of 2020, after the Court denied in part the motion for summary judgment, defense counsel contacted Plaintiff's counsel and asked that the Plaintiff appear before Dr. Franceschini for a mental examination, but the Plaintiff objected because the examination would take place after the discovery period had lapsed and because SAL had not yet presented the Plaintiff with a report. *Pl.'s Mot.* at 2. The parties were not able to agree and on March 4, 2021, SAL filed a motion to compel

Ms. Ceballos-Germosén to appear at an examination with its expert Dr. José Franceschini. *Mot. to Compel Pl. to Appear at Exam. with Defs.' Expert Witness, Dr. José Franceschini* (ECF No. 123) (*Defs.' Mot. to Compel*). In its motion, SAL contended that Dr. Franceschini was not a rebuttal witness but that they intended on calling him during their case-in-chief. *Pl.'s Mot.* at 3 (citing *Defs.' Mot. to Compel* at 6-8).

On May 21, 2021, Judge Garcia-Gregory ruled:

> ORDER granting in part and denying in part [123] . . . . At this stage, Defendants can only furnish a rebuttal expert report. If they planned to retain an expert witness as part of their case-in-chief it had to be done before the discovery deadline set forth in the Court[']s Amended Scheduling Order, Docket No. 72, regardless of whether Plaintiff produced an expert report herself. The terms of Rule 26(D) are no reason to ignore a prior Court order establishing discovery deadlines. FED. R. CIV. P. 26(D). Furthermore, it was in open court, and only after Plaintiff disclosed her expert witness report (during the last day of discovery), that Defendants informed their intention to retain an expert witness and report themselves. Said report can only be of rebuttal in nature and, ordinarily, had to be produced within 30 days of Plaintiffs['] disclosure. FED. R. CIV. P. 26(D)(i). The Court, however, is mindful of the confusion and ambiguity it may have caused by ordering Defendants to file a new expert CV for the purpose of determining if Judge Perez-Gimenez would be conflicted, without clarifying the scope of Defendants['] expert report or the short-term deadlines available to produce such report. *See* Docket No. 82. As such, considering the Court[']s broad discretion to manage discovery, Defendant will have 30 additional days to produce a rebuttal expert report.

*Order* (ECF No. 133) (*May 21, 2021 Order*). Judge Garcia-Gregory also ordered Ms. Ceballos-Germosén to appear at an examination by Dr. Franceschini to prepare his rebuttal report. *Id.* On June 21, 2021, Dr. Franceschini rendered his expert report. *Pl.'s Mot.* Attach. 2, *Report of José Franceschini Carlo* (*Franceschini Report*).

5

## III. THE EXPERT REPORTS

### A. Dr. Haydée Costas' December 27, 2018 Psychiatric Evaluation

On December 27, 2018, Dr. Haydée Costas issued a nineteen-page psychiatric evaluation of Ms. Ceballos-Germosén. *Pl.'s Mot.*, Attach. 1, *Psych. Eval. by Dr. Haydée Costas* (*Costas Report*). Dr. Costas' report confirms that she reviewed records, took an extensive history, performed a mental status examination, and arrived at psychiatric diagnoses. *Id.* at 1-17. Dr. Costas' diagnoses were 1) major depressive disorder, 2) unspecified personality traits, 3) problems related to employment, and 4) problems related to this legal case. *Id.* at 17. As to causation, Dr. Costas writes: "It is thus my professional opinion, with a reasonable degree of medical certainty that Ms. Ceballos suffered an aggravation of a pre-existent mood disorder as a result of her problems at work." *Id.* at 19.

### B. Dr. José Franceschini's June 21, 2021 Forensic Psychiatric Report

On June 21, 2021, Dr. José Franceschini issued a twenty-eight-page psychiatric evaluation of Ms. Ceballos-Germosén. *Franceschini Report* at 1-28. Like Dr. Costas, Dr. Franceschini described the documents he had reviewed, including the psychiatric report from Dr. Costas, the history he had taken from Ms. Ceballos-Germosén. *Id.* at 1-10. Dr. Franceschini was unable to arrive at a psychiatric diagnosis. *Id.* at 10 ("NO PSYCHIATRIC DIAGNOSIS AT PRESENT"). Dr. Franceschini concluded that Ms. Ceballos-Germosén had a "persistent complex bereavement disorder, in partial remission" and "other specified personality disorder (passive aggressive)." *Id.* Dr.

6

Franceschini found that Ms. Ceballos-Germosén does not suffer from Major Depressive Disorder. *Id.* at 12. Instead, he concluded that she was suffering from a Persistent Complex Bereavement Disorder. *Id.* In arriving at his opinions, Dr. Franceschini closely analyzed the progress notes from physician or psychologist progress notes for Ms. Ceballos-Germosén. *Id* at 12-19. Dr. Franceschini wrote that he agreed with Dr. Costas' opinion that Ms. Ceballos-Germosén suffers from personality disorder traits, including Narcissistic and Paranoid Personality Disorders, which he thought were the "main cause of her work-related problems." *Id.* at 24-25.

## IV. THE PARTIES' POSITIONS

### A. Fremia Ceballos Germosén's Motion in Limine

On June 24, 2022, Ms. Ceballos-Germosén filed a motion in limine to bar the expert testimony and report of defense expert Dr. José Franceschini. *Pl.'s Mot.* at 1. Ms. Ceballos-Germosén bases her motion on five grounds: 1) Dr. Franceschini's testimony is not rebuttal evidence and therefore violates the May 21, 2021 order of the Court, 2) Dr. Franceschini's recitation of the facts violates Federal Rule of Evidence 702, 3) Dr. Franceschini's opinions usurp a critical function of the jury, and 4) thirty-one of SAL's thirty-eight listed factual witnesses are unduly cumulative. *Id.* at 1-15.

### B. SAL's Opposition

On July 8, 2022, SAL responded, opposing Ms. Ceballos-Germosén's motion. *Opp'n to Pl.'s Mot. to Exclude Dr. Jose Franceschini's Rebuttal Test.* (ECF No. 171) (*Def.'s Opp'n*). SAL argues: 1) that Dr. Franceschini's proposed testimony is proper

7

rebuttal testimony; 2) that Dr. Franceschini's recitation of the facts underlying the case that are central to his opinions is proper; and 3) that Dr. Franceschini's opinions do not usurp the function of the jury. *Id.* at 1-31.

## V. DISCUSSION

### A. Proper Rebuttal Expert Testimony

Federal Rule of Civil Procedure 26(a)(2)(A) requires parties to "disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." FED. R. CIV. P. 26(a)(2)(A). If a witness has been retained by a party to express expert opinions, the disclosure obligation includes a written report from the expert. FED. R. CIV. P. 26(a)(2)(B). For these witnesses, Rule 26 provides that the parties "must make these disclosures at the times and in the sequence that the court orders." FED. R. CIV. P. 26(a)(2)(D). Here, on July 27, 2018, the district court ordered the Defendants to supply their expert reports by January 15, 2019. *Am. Scheduling Order* at 1. As SAL had not complied with this deadline, Judge Garcia-Gregory ruled that SAL could not introduce Dr. Franceschini's testimony in its case-in-chief. *May 21, 2021 Order*. But Judge Garcia-Gregory expressly permitted SAL to use an expert as a rebuttal witness. *Id.*

As the scheduling order did not impose a deadline for the disclosure of rebuttal experts, Rule 26 allowed a party to disclose rebuttal experts:

Absent a stipulation or a court order, the disclosures must be made:

(i)   at least 90 days before the date set for trial or for the case to be ready for trial; or

>    (ii)     if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C) within 30 days after the other party's disclosure.

FED. R. CIV. P. 26(a)(2)(D)(i)-(ii); *see Crawford-Brunt v. Kruskall*, 489 F. Supp. 3d 4, 6-7 (D. Mass. 2020) ("The Court did not set a separate deadline for disclosure of rebuttal expert reports.  That mean, under Rule 26, that the parties could choose to disclose a rebuttal expert report within 30 days after disclosure of the original report").  In his May 21, 2021 order, Judge Garcia-Gregory permitted Dr. Franceschini's testimony but limited him to rebuttal testimony so the Court turns to whether Dr. Franceschini's testimony fits within the concept of rebuttal testimony.

Ms. Ceballos-Germosén relies on *Crawford-Brunt*, where the district court refused to allow a plaintiff to redesignate a rebuttal witness as a witness in his case-in-chief.  489 F. Supp. 3d at 9 ("Permitting plaintiff here to re-designate his rebuttal expert witness and allowing the witness to testify in his case-in-chief thus violates the general rule").  But this is not what happened here.  In this case, as just noted, SAL did not redesignate a rebuttal expert as an expert in its case-in-chief, Judge Garcia-Gregory, not SAL, redesignated SAL's case-in-chief expert as a rebuttal expert, an act fully within his judicial discretion.  It is true that some courts decline to allow rebuttal testimony if they "contradict an expected or anticipated portion of the other party's case-in-chief." *United States v. 400 Acres of Land*, No. 2:15-cv-01743-MMD-NJK, 2018 U.S. Dist. LEXIS 145236, at *4 (D. Nev. Aug. 27, 2018) (quoting *R&O Constr. Co. v. Rox Pro Int'l Group, Ltd.*, No. 2:09-cv-01749-LRH-LRL, 2011 U.S. Dist. LEXIS 78-32, at *5-6 (D. Nev. July 18, 2011)).  But, here, Judge

Garcia-Gregory has already allowed SAL to present a rebuttal witness and there is no claim that Judge Garcia-Gregory's decision was an abuse of discretion.

The Court turns to whether the proffered testimony of Dr. Franceschini properly fits within the concept of rebuttal testimony. Rule 26(a)(2)(D)(ii) contains three elements: first, the evidence must be "on the same subject matter," second, it must "contradict or rebut evidence," and third, it must be offered "solely" to contradict or rebut evidence. Here, the Court readily concludes that Dr. Franceschini's testimony is on the same "subject matter" as Dr. Costas' expert opinion: namely Ms. Ceballos-Germosén's mental health diagnoses and their relationship to her employment at SAL.

The area of greatest contention under Rule 26(a)(2)(D)(ii) is typically whether the evidence is rebuttal or new. "Rebuttal is a term of art, denoting evidence introduced by a plaintiff to meet new facts brought out in [the] opponent's case in chief." *Lubanski v. Coleco Industries, Inc.*, 929 F.2d 42, 47 (1st Cir. 1991). "The determination of what constitutes proper rebuttal evidence [lies] within the sound discretion of the [district court]." *Id.* One district court characterized the distinction:

> [T]his court adopts a case specific view that requires the court to examine each opinion to evaluate whether it can fairly be characterized as a corrective opinion directed generally at debunking the original expert's opinion or a truly different model all together, bearing little or no resemblance to the first expert's professed methodology. The former is fairly characterized as rebuttal; the latter is affirmative and fairness dictates that the opposing side have a chance to present rebuttal.

*Spring Creek Exploration & Prod. Co., LLC v. Hess Bakken Inv. II, LLC*, 14-cv-134-PAB-KMT, 2016 U.S. Dist. LEXIS 53488, at *24 (D. Colo. Apr. 21, 2016). Here, the

Court views Dr. Franceschini's testimony as much more an attempted debunking of Dr. Costas' opinion than offering a different model altogether. *Lebron v. Royal Caribbean Cruises, Ltd.*, No. 16-24687-CIV-WILLIAMS/SIMONTON, 2018 U.S. Dist. LEXIS 124820, at *11 (S.D. Fla. July 26, 2018) ("[O]pining on alternative theories does not convert a rebuttal expert report into an affirmative one. Nor does opining on alternative theories warrant exclusion").

Boiled down, Dr. Costas opined that Ms. Ceballos-Germosén was suffering from Major Depressive Disorder and that her psychiatric condition was caused by her work experience at SAL. In contradiction, Dr. Franceschini opined that Ms. Ceballos-Germosén was not suffering from Major Depressive Disorder, that she was suffering instead from a Persistent Complex Bereavement Disorder in partial remission, that she also has several other personality disorder traits, and that none of her psychiatric conditions is related to her experiences at SAL. Rebuttal does not mean that a witness is only allowed to say no. A rebuttal witness is allowed to explain why the expert disagrees and to offer alternative explanations. Here, to only allow Dr. Franceschini to testify that he disagrees with Dr. Costas and not to explain why would reduce rebuttal only to contradiction. Thus, in *Crawford-Brunt*, the district court noted that if the defense experts testified on whether there was a commonly understood definition of "fully diluted," the plaintiff would be allowed to call his expert to provide rebuttal testimony. 489 F. Supp. 3d at 10. Similarly, the Court finds that SAL has met all three requirements of Rule 26(a)(2)(D)(ii).

Moreover, as the district court observed in *Crawford-Brunt*, to preclude Dr. Franceschini's testimony as Ms. Ceballos-Germosén demands, a court would act pursuant to Federal Rule of Civil Procedure 37, and the First Circuit has directed trial courts to consider five factors in evaluating whether to impose the preclusion sanction:

> Where a district court does opt in favor of preclusion, we review that decision with reference to a host of factors, including: (1) the history of the litigation; (2) the sanctioned party's need for the precluded evidence; (3) the sanctioned party's justification (or lack of one) for its late disclosure; (4) the opponent-party's ability to overcome the late disclosure's adverse effects—e.g., the surprise and prejudice associated with the late disclosure; and (5) the late disclosure's impact on the district court's docket. *Macaulay v. Anas*, 321 F.3d 45, 51 (1st Cir. 2003); *see also Santiago-Diaz v. Laboratorio Clinico y de Referencia del Este*, 456 F.3d 272, 276-77 (1st Cir. 2006).

*Id.* at 7 (quoting *Esposito v. Home Depot U.S.A., Inc.*, 590 F.3d 72, 78 (1st Cir. 2009)).

Even if the Court accepted Ms. Ceballos-Germosén's argument, none of these *Esposito* factors favors preclusion of Dr. Franceschini's testimony. The history of the litigation suggests that SAL failed to timely disclose its expert, but the same was true of Ms. Ceballos-Germosén. SAL clearly requires Dr. Franceschini's testimony because it is the only expert evidence that countervails Dr. Costas' opinions. SAL not only justified its late disclosure, but Judge Garcia-Gregory authorized it to use a rebuttal witness. There can be now no claim of surprise or unfair prejudice. Under Judge Garcia-Gregory's May 21, 2021 order, SAL was required to produce a rebuttal report within thirty days, the plaintiff was required to present herself for an examination, and the plaintiff was allowed to depose Dr. Franceschini after the examination and report were completed. *May 21, 2021 Order*. Finally, the late

12

disclosure had no impact on the Court's docket. Unfortunately, due to the pandemic, Judge Pérez-Giménez's untimely death, and Judge Garcia-Gregory's and this Judge's appearances in the case, the case has been delayed for reasons unrelated to SAL's late designation of Dr. Franceschini. Applying the *Esposito* factors, the Court would not preclude Dr. Franceschini's rebuttal testimony.

### B. Dr. Franceschini's Recitation of Underlying Facts

Ms. Ceballos-Germosén's second objection is that Dr. Franceschini's recitation of facts is improper and inadmissible under Federal Rule of Evidence 702. *Pl.'s Mot.* at 6-8. Ms. Ceballos-Germosén observes that Dr. Franceschini referred to documents that Ms. Ceballos-Germosén contends are themselves inadmissible. *Id.* at 7-8. Ms. Ceballos-Germosén relies on *Figueroa v. Simplicity Plan de Puerto Rico*, 267 F. Supp. 2d 161 (D.P.R. 2003) in which a magistrate judge excluded testimony from Dr. José Franceschini Carlo (the same expert in this case) because the magistrate judge concluded that the Doctor's expert psychiatric reports were inadmissible as his reports failed to reveal the scientific basis or methodology for his opinions and his opinions would not assist the jury. *Pl.'s Mot.* at 7-8 (quoting *Figueroa*, 267 F. Supp. 2d at 167).

The Court is not clear about the exact basis for Ms. Ceballos-Germosén's objection. In her motion, she cites Federal Rule of Evidence 702. *Pl.'s Mot.* at 6 ("**Dr. Franceschini's recitation of the facts of the case is improper and inadmissible under Fed. R. Evid. 702**") (bold in original). Ms. Ceballos-Germosén refers to the legal principle that the proponent of an expert witness "has the burden

13

of proving that the expert will assist the trier of fact by providing relevant, specialized knowledge." *Id.* Then Ms. Ceballos-Germosén contends that Dr. Franceschini should not be allowed to discuss the facts underlying his report. *Id.* at 8 ("Because of this, Dr. Franceschini's statement of facts is inadmissible in evidence"). Thus, the Court is unclear whether Ms. Ceballos-Germosén is contending that Dr. Franceschini should not be allowed to testify under Rule 702, which deals with the qualifications of an expert, the expert's methodology, the fit of the expert's testimony to the facts and issues in the case, and the helpfulness of the expert's testimony for the jury or whether she is objecting under Rule 703 (which she does not mention), which deals with the extent to which an expert may discuss the factual basis for the expert opinion. *Compare* FED. R. EVID. 702, *with* FED. R. EVID. 703.

> Federal Rule of Evidence 702 provides:
>
> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> **(a)** the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> **(b)** the testimony is based on sufficient facts or data;
>
> **(c)** the testimony is the product of reliable principles and methods; and
>
> **(d)** the expert has reliably applied the principles and methods to the facts of the case.

Here, Ms. Ceballos-Germosén does not assert that Dr. Franceschini is unqualified to render his expert opinions. *See Pl.'s Mot.* at 10 ("Plaintiff does not challenge Dr.

Franceschini's qualifications as an expert psychiatrist"). But she seems to argue that his expert opinions will not assist the jury. The Court disagrees.

A significant issue before the jury is the proper diagnosis, if any, for Ms. Ceballos-Germosén's emotional issues. Ms. Ceballos-Germosén is apparently going to call Dr. Costas, her psychiatric expert, to testify that she is suffering from Major Depressive Disorder caused by work; SAL is prepared to rebut Dr. Costas' expert opinions with the expert opinions of another psychiatrist who has come to different conclusions about her psychiatric diagnoses and the cause of those diagnoses. Based on the record before it, the Court is nonplussed with the notion that only Ms. Ceballos-Germosén should be allowed to present a psychiatrist as an expert to testify before the jury.

It is possible that Ms. Ceballos-Germosén is objecting because Dr. Franceshini reviewed and is prepared to testify about facts underlying this case, including her Second Amended Complaint, work records, medical records, psychological treatment by Dr. Carol López, and psychiatric records of Dr. Arlene Rivera Mass. *Pl.'s Mot.* at 7 ("Dr. Franceschini's rendition of the facts of this case is not testimony based on 'scientific,' 'technical' or 'other specialized' knowledge, nor is such delivery necessary to 'help the trier of fact to understand the evidence or to determine a fact issue'").

If so, there are at least two problems with Ms. Ceballos-Germosén's objection. The first is that the admission of underlying data or facts is not controlled by Rule 702. It is controlled by Rule 703, which provides:

> An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed. If experts in the

15

> particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted. But if the facts or data would otherwise be inadmissible, the proponent of the opinion may disclose them to the jury only if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect.

FED. R. EVID. 703. So long as, for example, psychiatrists reasonably rely on the records of treating psychologists and psychiatrists in arriving at their professional opinions, which seems likely, the underlying facts may be admissible, if the Court determines that their probative value in helping the jury substantially outweighs their prejudicial effect. Ms. Ceballos-Germosén has proffered no reason that the Court should not conclude that the evidence listed by Dr. Franceschini in his report would be inadmissible under Rule 703.

More to the point and ironically, the information listed by Dr. Franceschini is virtually identical to the information listed by Dr. Costas in her expert report. *Compare Franceschini Report* at 1-19; *with Costas Report* at 1-6. Assuming Ms. Ceballos-Germosén calls Dr. Costas in her case-in-chief, it seems apparent that the information Ms. Ceballos-Germosén is now objecting to from Dr. Franceschini would already be before the jury, either on direct or cross-examination, during Dr. Costas' testimony. Furthermore, if Ms. Ceballos-Germosén were to object to the facts and data that her own expert relied on to form her expert opinions, she would have a difficult time convincing the Court that this information would be inadmissible under Rule 703.

In short, the Court is unconvinced on this record that it should exclude the testimony of Dr. Franceschini under Rule 702 or the facts underlying his expert opinions under Rule 703.

### C. Dr. Franceschini's Credibility Opinions

In her motion, Ms. Ceballos-Germosén seeks to exclude Dr. Franceschini's asserted expert opinions about her credibility. *Pl.'s Mot.* at 8-11. She quotes descriptions in Dr. Franceschini's report of Ms. Ceballos-Germosén's interactions with Dulce Paredes, a maintenance worker at SAL, Gladys Rivera, an administrative assistant, Attorney Lizette Melendez, Magda Calderon, and Attorney Hernandez, her supervisor, among others. *Id.* Ms. Ceballos-Germosén characterizes this portion of Dr. Franceschini's report as constituting comments on Ms. Ceballos-Germosén's credibility. *Id.* at 8 ("An expert witness cannot offer his evaluation of the truth. To do so is to question credibility, a right only reserved for the trier of fact").

The Court is not convinced that the First Circuit case of *United States v. Shay*, 57 F.3d 126 (1st Cir. 1995) creates as high a barrier to the admission of such testimony as Ms. Ceballos-Germosén supposes. *Id.* at 134 ("[A] court may not exclude expert testimony simply because it concerns a credibility question or because non-expert testimony was presented on the same issue"). At the same time, "[a]n expert's opinion that another witness is lying or telling the truth is ordinarily inadmissible . . . because the opinion exceeds the scope of the expert's specialized knowledge and therefore merely informs the jury that it should reach a particular conclusion."

*United States v. Teganya*, 997 F.3d 424, 430 (1st Cir. 2021) (quoting *Shay*, 57 F.3d at 131).

Nevertheless, the Court does not need to resolve this issue because the record simply does not corroborate Ms. Ceballos-Germosén's contention that Dr. Franceschini actually commented on her credibility. In its review of the cited paragraphs, the Court could not locate where Dr. Franceschini expressed opinions about Ms. Ceballos-Germosén's truthfulness or her credibility. The more significant issue is the extent to which Dr. Franceschini should be allowed to testify about these incidents under Rule 703, since at some point, his understanding of what happened becomes more and more marginally relevant and the prejudice of an expert imprimatur on a particular version of events becomes more and more prejudicial. However, Ms. Ceballos-Germosén has not raised a Rule 703 issue and the Court will not address it.

### D. Defendant's Factual Witnesses are Unduly Cumulative

In this part of her motion, Ms. Ceballos-Germosén claims that SAL has listed too many factual witnesses. *Pl.'s Mot.* at 11-14. This point does not appear to be directly related to Ms. Ceballos-Germosén's objections to Dr. Franceschini's expert testimony. In any event, the Court is not able to evaluate pretrial the need for as many as thirty-eight witnesses. Of course, Federal Rule of Evidence 403 allows a court to exclude relevant evidence if its probative value is substantially outweighed by "a danger of . . . undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403. The Court dismisses this part of the motion without

prejudice and will revisit the issue again, should Ms. Ceballos-Germosén wish to raise it again.

## VI. CONCLUSION

The Court DENIES Fremia Ceballos-Germosén's Motion in Limine (ECF No. 161) to the extent she asks the Court to exclude the expert testimony of Dr. José A. Franceschini Carlo, and the Court DISMISSES without prejudice Fremia Ceballos-Germosén's Motion in Limine to exclude the testimony of thirty-eight witnesses as unduly cumulative. *Mot. in Limine* (ECF No. 161).

SO ORDERED.

/s/ John A. Woodcock, Jr.<br>
JOHN A. WOODCOCK, JR.<br>
UNITED STATES DISTRICT JUDGE

Dated this 27th day of October, 2022