UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| FREMIA CEBALLOS-GERMOSÉN, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:16-cv-02944-JAW |
| SOCIEDAD PARA LA ASISTENCIA LEGAL, et al., | ) |
| Defendants. | ) |

**ORDER ON MOTION IN LIMINE TO BAR TESTIMONY BY PLAINTIFF'S EXPERT ON EMOTIONAL INJURIES**

The Court denies a motion to bar the expert testimony of a psychiatrist concerning a plaintiff's psychiatric diagnosis, prognosis, and causation.

**I.   BACKGROUND**

**A.   The Plaintiff's Complaints**

On November 7, 2016, Fremia Ceballos-Germosén filed a job discrimination lawsuit against Sociedad para la Asistencia Legal (SAL), alleging that she was unlawfully discriminated against by SAL because of her sex and national origin, that SAL unlawfully retaliated against her when she complained, and the SAL unlawful created a hostile work environment for her. *Compl.* (ECF No. 1) (*Compl.*). The original Complaint contained two counts, one under federal and the other under Puerto Rico law, subsuming all these theories. *Id.* at 12-13. On March 28, 2017, Ms. Ceballos-Germosén filed an amended complaint, expanding on the factual allegations, but reasserting the same two counts and the same theories. *Am. Compl.* (ECF No. 24). On February 2, 2018, Ms. Ceballos-Germosén filed a second amended

complaint, again refining the factual allegations and retaining the same two counts and the same theories. *Second Am. Compl.* (ECF No. 55) (*Second Am. Compl.*).

### B. The Dispositive Motion

On June 17, 2019, SAL moved for summary judgment against Ms. Ceballos-Germosén on all claims. *Mot. for Summ. J.* (ECF No. 90). After full briefing, on October 7, 2020, the late Judge Juan M. Pérez-Giménez issued an extensive order in which he denied the dispositive motion against Ms. Ceballos-Germosén's claims of sex and national origin discrimination against SAL only under Title VII and denied the motion as regards the claims against all defendants under Puerto Rico law. *Opinion and Order* at 36 (ECF No. 114). However, Judge Pérez-Giménez granted the motion for summary judgment against all retaliation claims under federal and state law. *Id.*

### C. Case Developments

After the October 7, 2020 order, the parties attempted to resolve the case and appeared at settlement conferences before the judges of this District; however, settlement was not achieved. After the untimely death of Judge Pérez-Giménez, the case was assigned to Judge Jay A. Garcia-Gregory on December 14, 2020, and on June 28, 2022, the case was reassigned to this Judge. *Mem. of Clerk* (ECF No. 117); *Order Reassigning Case* (ECF No. 164). On May 2, 2022, Judge Garcia-Gregory issued an order in which he concluded that "a Pretrial/Settlement Conference will be more productive after resolving all evidentiary issues." *Order* (ECF No. 150). This

order resolves the final pending motion in limine and the Court has set the matter for Final Pretrial Conference on December 5, 2022 at 1:00pm.

## II. BACKGROUND DIRECTLY RELEVANT TO THE MOTION IN LIMINE[1]

### A. The Defendants' Motion in Limine

On June 24, 2022, SAL filed a motion in limine to bar Dr. Haydée Costas, Ms. Ceballos-Germosén's psychiatric expert, from testifying about Ms. Ceballos-Germosén's emotional injuries, on the effect of certain incidents on her, on her prognosis, and on the permanency of her psychiatric condition. *Mot. in Limine to Bar Test. from Pl.'s Expert on Emotional Injuries, on Effect of Certain Incidents, and on Prognosis and Permanency of Med. Condition* at 1-16 (ECF No. 162). In its motion, SAL first points to portions of Dr. Costas' deposition in which she explained that Ms. Ceballos-Germosén had a preexisting mental health condition, called a "preexistent mood disorder," and had experienced episodes precipitated by the death of her mother. *Id.* at 2. SAL contends that because Dr. Costas testified that Ms. Ceballos-Germosén's mental health condition "remained more or less the same" despite the impact of her work-related issues, her testimony should not be allowed because it will "not assist the jury in determining damages." *Id.*

---

[1] On July 8, 2022, Ms. Ceballos-Germosén moved to strike SAL's motion because its motion exceeded the fifteen-page-limit of the United States District Court of Puerto Rico Local Rule 7(e) without seeking leave of Court to exceed the page limit and without excusing its noncompliance. *Mot. to Strike Mot. in Limine at Docket No. 162* (ECF No. 169). On July 11, 2022, SAL responded and moved to exceed the page limit. *Mot. for Leave to File Excess Pages (at Dkt 162) and Resp. to Mot. to Strike Mot. in Limine (at Dkt 162) for Exceeding the Page Limit by One Page* (ECF No. 173). On July 12, 2022, the Court granted SAL's motion for leave to file excess pages. *Order* (ECF No. 174). Because the Court granted the belated motion for leave to file excess pages, Ms. Ceballos-Germosén's motion to strike SAL's motion is moot, and the Court dismisses it.

3

Next, SAL contends that Dr. Costas rendered her opinions without a proper factual foundation as to what took place during Ms. Ceballos-Germosén's employment at SAL. *Id.* at 2-3.

Third, SAL maintains that Dr. Costas never confirmed her prognosis of Ms. Ceballos-Germosén's mental health condition and never expressed an opinion about the potential permanency of her mental health issues. *Id.* at 3.

Finally, SAL views Dr. Costas' testimony as insufficient under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) because it says Dr. Costas "puts forth no scientific method or basis for explaining how the work-related incidents caused emotional injuries." *Id.* at 8.

B.   **The Plaintiff's Response**

On July 8, 2022, Ms. Ceballos-Germosén responded in opposition to SAL's motion in limine. *Resp. in Opp'n to Mot. in Limine at Docket No. 162* (ECF No. 168). Regarding the first issue, Ms. Ceballos-Germosén says that SAL "picked and chose" isolated sections of Dr. Costas' testimony to make its point. *Id.* at 2. However, Ms. Ceballos-Germosén contends that Dr. Costas did express the view that Ms. Ceballos-Germosén's work was an "added stressor" and that she "suffered an aggravation of a pre-existing mood disorder as a result of her problems at work." *Id.* at 2. Ms. Ceballos-Germosén points out that Dr. Costas "specifically testified that the work-related incidents worsened Plaintiff's symptoms and aggravated her prior [Major Depressive Disorder] (MDD) diagnosis." *Id.* at 3. Ms. Ceballos-Germosén argues that "Dr. Costas' testimony will aid the jury in understanding Plaintiff's pre-existing MDD

and how her mental condition and symptoms were aggravated because of her work-related problems." *Id.*

### C. The Defendants' Reply

On July 18, 2020, SAL filed a reply to Ms. Ceballos-Germosén's opposition. *Reply to Pl.'s Opp'n to Mot. in Limine to Bar Test. from Pl.'s Expert* (ECF No. 178). SAL first asserts that Ms. Ceballos-Germosén admitted that Dr. Costas testified that her major depressive disorder was unaltered by her work. *Id.* at 2-6. SAL reiterates that Dr. Costas' opinions on the impact of her work at SAL, including permanency, were "never disclosed" and must be excluded. *Id.* at 5-7. SAL reinforces its view that because Ms. Ceballos-Germosén suffered from a preexisting mental health condition, Dr. Costas should not be allowed to testify about the impact of the work incidents on her condition. *Id.* at 7-10.

### III. DISCUSSION

The Court denies SAL's motion. First, the Court agrees with Ms. Ceballos-Germosén that simply because she suffered from major depressive disorder before her alleged encounters at work does not mean that her work did not aggravate her prior condition. On this point, contrary to SAL's position, the Court concludes that Dr. Costas' view of these issues will be helpful to the jury in resolving what is often an amorphous and subtle question: how much of Ms. Ceballos-Germosén's mental health condition pre-existed her work at SAL, what was the cause or causes of her preexisting mental health condition, and what impact, if any, did her experience at SAL have on her underlying condition.

Second, the First Circuit addressed whether a medical doctor is typically a permissible expert under *Daubert*. In *Granfield v. CSX Transportation, Inc.*, 597 F.3d 474 (1st Cir. 2010), the First Circuit rejected a *Daubert* challenge to the testimony of a medical doctor similar to SAL's. The First Circuit noted that the doctor in that case was an orthopedic surgeon who regularly diagnosed and treated the condition at issue. *Id.* at 486. The *Granfield* Court also dispensed with the argument that the doctor did not cite any peer-reviewed studies or publications in expressing his causation opinions. *Id.* Finally, the First Circuit observed that a "differential diagnosis is a proper scientific technique for medical doctor expert testimony." *Id.*; *Milward v. Rust-Oleum Corp.*, 820 F.3d 469, 476 (1st Cir. 2016) ("[A] 'differential diagnosis' can be a 'reliable method of medical diagnosis'").

In 2019, a district court in Puerto Rico observed that "[w]ith regards to psychologist and psychiatrist expert testimony, courts routinely accept the following methodologies under *Daubert*: medical history, and/or record review, personal interviews, patient observation, physical examination, administration of standard psychological tests, clinical rating scales and background facts." *Jelú-Iravedra v. Municipality of Guaynabo*, Civil No. 16-1585(RAM), 2019 U.S. Dist. LEXIS 177440, at *7 (D.P.R. Oct. 10, 2019). Here, Dr. Costas' December 27, 2018 expert report confirms that she reviewed extensive medical reports, including treatment by a psychologist and a psychiatrist, engaged in an thorough patient interview, and arrived at a diagnosis. In the Court's view, Dr. Costas' report meets *Daubert*

requirements and SAL is free to explore the limits of her expert opinions on cross-examination.

Third, the Court rejects SAL's contention that Dr. Costas does not have a sufficient foundation to express her expert opinions. Medical doctors are almost never witnesses to the accident, trauma, or event that brought their patients to their care. Instead, they accept the histories given by their patients and, in a lawsuit, supplemented by the attorneys. Federal Rule of Evidence 703 expressly allows experts to base their opinions "on facts or data in the case that the expert has been made aware of or personally observed." The question is whether "experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject." FED. R. EVID. 703. Here, Dr. Costas took a detailed history of Ms. Ceballos-Germosén's work at SAL. *Def.'s Mot., Attach 2, Psych. Eval. by Dr. Haydée Costas* (*Costas Report*) at 7-10. Based on this Court's review of Dr. Costas' report, the Court concludes that the "factual underpinning of" Dr. Costas' opinion is "a matter affecting the weight and credibility of the testimony – a question to be resolved by the jury." *Martínez v. United States*, 33 F.4th 20, 24 (1st Cir. 2022) (citations omitted); *Carrelo v. Advanced Neuromodulation Sys.*, 777 F. Supp. 2d 315, 318-19 (D.P.R. 2011).

Finally, despite SAL's insistence to the contrary, the Court concludes that in her expert report, Dr. Costas sufficiently addressed Ms. Ceballos-Germosén's prognosis and the potential permanency of her condition. Dr. Costas determined that Ms. Ceballos-Germosén has had the psychiatric condition known as Major Depressive

7

Disorder, that this "life-long mental illness" predated her work at SAL, that her condition "is characterized by recurrent episodes of depression with inter-episodic amelioration of symptoms," that some episodes "may be precipitated by life stressors, but others may surface spontaneously," and that she "suffered an aggravation of a previous mood disorder as a result of her alleged occupational problems." *Costas Report* at 18. Because they treat mental health conditions, psychiatrists confront problems that are often complex, varied, subtle and not entirely predictable. But this does not mean in the context of this case that a jury would find Dr. Costas' insights unhelpful to their understanding and assessment of Ms. Ceballos-Germosén's mental health condition, its relationship to work, and her prognosis.

Moreover, even though SAL insists that an expert is strictly limited to the contents of her report and Rule 26(a)(2) "does not allow parties to cure deficient expert reports through later deposition testimony." *Def.'s Reply* at 2 (quoting *Vargas-Alicea v. Cont'l Cas. Co.*, No. 15-1941 (PAD), 2019 U.S. Dist. LEXIS 56322, at *6-8 (D.P.R. Mar. 31, 2019) (quoting *Ciomber v. Coop. Plus, Inc.*, 527 F.3d 635, 643 (7th Cir. 2008)). What may be true in the Seventh Circuit does not appear to apply in the First. In April of this year, the First Circuit ruled otherwise. In *Martínez*, the First Circuit referred both to an expert's report and his deposition in assessing the admissibility of his expert opinion:

> As we have explained, <u>when Dr. Ortiz Feliciano's report is considered along with the excerpt from his deposition testimony</u> that the United States attached to its motion to exclude, it is evident that Dr. Ortiz Feliciano explained what the Hospital's medical records showed in a manner sufficient to make his testimony relevant to understanding whether Martínez-Marrero received negligent treatment.

8

33 F.4th at 30 (emphasis supplied). The issue may be one of degree, but here, as the Court explained, the report alone is sufficient to allow Dr. Costas to testify about Ms. Ceballos-Germosén's prognosis and the permanence of her condition, and it is even more so when her deposition testimony is also considered.

## IV.   SUMMARY

The Court concludes that Dr. Costas' "specialized knowledge will help the trier of facts to understand the evidence [and] to determine a fact in issue." *Martínez*, 33 F.4th at 30 (quoting FED. R. EVID. 702(a)). To the extent SAL wishes to challenge Dr. Costas' expert opinions, instead of exclusion, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *United States v. Vargas*, 471 F.3d 255, 265-66 (1st Cir. 2006) (quoting *Daubert*, 509 U.S. at 596).

## V.   CONCLUSION

The Court DENIES Sociedad para la Asistencia Legal's Motion in Limine to Bar Testimony from Plaintiff's Expert on Emotional Injuries, on Effect of Certain Incidents, and on Prognosis and Permanency of Medical Condition (ECF No. 162). The Court also DISMISSES as moot Fremia Ceballos-Germosén's Motion to Strike Motion in Limine at Docket No. 162 (ECF No. 169).

SO ORDERED.

<u>/s/ John A. Woodcock, Jr.</u>
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 28th day of October, 2022