UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| FREMIA CEBALLOS-GERMOSÉN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:16-cv-02944-JAW |
| | ) | |
| SOCIEDAD PARA LA ASISTENCIA LEGAL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON BILL OF COSTS**

Applying the presumption under Federal Rule of Civil Procedure 54(d)(1) that costs should be issued in favor of the prevailing party, the Court affirms the Deputy Clerk of Court's taxation of costs in its entirety and overrules the objections of the losing party.

## I.    BACKGROUND

At the conclusion of a hard-fought ten-day jury trial, on September 20, 2023, the jury issued a verdict against Plaintiff Fremia Ceballos-Germosén and in favor of Defendants Sociedad para la Asistencia Legal, Hector Quiñones-Vargas, and Jesús Hernández-Rivera.  *Jury Verdict* (ECF No. 269).  In accordance with the Court's ruling on September 12, 2023 on Federal Rule of Civil Procedure 50 motions in favor of Defendants Federico Rentas-Rodríguez, Félix Vélez-Alejandro, and José Cobián-Tormos, on September 22, 2023, the Court entered judgment against Ms. Ceballos-Germosén and in favor of each of the Defendants.  *Final J.* (ECF No. 271).

On October 5, 2023, Sociedad para la Asistencia Legal and Mr. Vélez-Alejandro filed a Bill of Costs, seeking the taxation of $21,951.70 in costs against Ms. Ceballos-Germosén.  *Bill of Costs* (ECF No. 272).  On October 9, 2023, Ms. Ceballos-Germosén filed her opposition to the Bill of Costs.  *Pl.'s Opp'n to Defs.' Bill of Costs (Docket No. 272)* (ECF No. 274).  On October 17, 2023, Sociedad para la Asistencia Legal and Mr. Vélez-Alejandro filed a reply to Ms. Ceballos-Germosén's opposition to their Bill of Costs.  *Reply to Pl.'s Opp'n to Defs.' Bill of Costs (Docket No. 272)* (ECF No. 279).[1]  On October 25, 2023, the Clerk taxed costs against Ms. Ceballos-Germosén in the amount of $21,642.35.  *Taxation of Costs* (ECF No. 282) (*Taxation*).

On October 26, 2023, Ms. Ceballos-Germosén filed a motion for judicial review of the Clerk's taxation of costs.  *Pl.'s Mot. for Review of Clerk's Taxation of Costs (Docket No. 282)* (ECF No. 283) (*Pl.'s Obj.*).  On October 30, 2023, Sociedad para la Asistencia Legal and Mr. Vélez-Alejandro responded to Ms. Ceballos-Germosén's motion for review of taxation of costs.  *Resp. to Pl.'s Mot. for Review of Clerk's Taxation of Costs* (ECF No. 284) (*Defs.' Resp.*).

## II.     THE CLERK'S TAXATION OF COSTS

In his October 25, 2023 order taxing costs, Chief Deputy Clerk Jorge Soltero Palés addressed three main issues: 1) the Defendants' failure to use Form AO 133 and their compliance with the requirements of 28 U.S.C. § 1924; 2) the Defendants'

---

[1]     On October 6, 2023, Defendants Sociedad para la Asistencia Legal, Félix Vélez-Alejandro, Hector Quiñones-Vargas, Jesús Hernández-Rivera, and José Cobián-Tormos filed a motion for extension of time to file a motion for attorney's fees, *Mot. for Extension of Time to File Mot. for Att'y's Fees* (ECF No. 273), but on October 20, 2023, they decided not to press a motion for award of attorney's fees.  *Informative Mot. on Att'y's Fees Req.* (ECF No. 280); *Order* (ECF No. 281).  The issues before the Court therefore are only whether the Court should tax costs against the Plaintiff and, if so, in what amount.

ability to recover costs generally; and 3) specific items of taxation, including costs for the services of two contracted interpreters. *Taxation* at 3-8. The Deputy Clerk allowed the submitted Bill of Costs even though the Defendants did not use Form AO 133, because they had filed a "substantially similar filing." *Id.* at 3. The Deputy Clerk awarded costs despite the Plaintiff's argument that to do so would undercut Congress's effort to promote the vigorous enforcement of civil rights cases by creating a chilling effect that would deter the pursuit of such cases in the future. *Id.* at 4. Finally, the Deputy Clerk analyzed each submitted cost and taxed only those authorized by statute. *Id.* at 4-8. The Deputy Clerk ended by taxing costs in the total amount of $21,642.35 in favor of the Defendants and against Fremia Ceballos-Germosén. *Id.* at 8.

## III.   THE PARTIES' POSITIONS

### A.   The Plaintiff's Objection

In her objection, Ms. Ceballos-Germosén first takes issue with the Deputy Clerk taxing costs absent an order referring the matter to the Clerk. *Pl.'s Obj.* at 1-2. Next, she reiterates her argument that this Court should exercise its sound discretion and deny the costs requested by the Defendants. *Id.* at 2. Ms. Ceballos-Germosén acknowledges that there is a presumption that a prevailing party is entitled to costs, but here, she urges the Court to disallow costs, relying heavily on *López-López v. Robinson School Inc.*, 495 F. Supp. 3d 84 (D.P.R. 2020), where an employee had sued her employer alleging violations of the Americans with Disabilities Act and the Age Discrimination in Employment Act, but had lost at the

3

summary judgment stage.  *See López-López*, 495 F. Supp. 3d at 85.  Finally, Ms. Ceballos-Germosén objects to the Clerk's assessment of $14,990.00 in costs for interpreters hired by the Defendants.  *Id.* at 4-6.

### B.     The Defendants' Response

In their response, the Defendants dispute Ms. Ceballos-Germosén's contention that the Clerk cannot tax costs under Federal Rule of Civil Procedure 54 unless there is a judicial referral.  *Defs.' Resp.* at 1-2.  Next, the Defendants challenge Ms. Ceballos-Germosén's reliance on *López-López*, saying that the cases underlying *López-López* were attorney's-fee cases, not taxable-cost cases.  *Id.* at 2-3.  The Defendants urge the Court to accept the Clerk's view that costs should be denied to the prevailing party only where a losing party is indigent or the prevailing party engaged in misconduct. *Id.* at 3-4.  Finally, the Defendants say that expenses for interpreters fall within costs allowed and are taxable under the statute and the District of Puerto Rico's Taxation of Costs Guidelines.  *Id.* at 4-6.

## IV.     DISCUSSION

### A.     Sources of Authority

#### 1.     Statute, Rules, and Guidelines

In addition to judicial decisions, the taxation of costs is governed by statute and rule.  28 U.S.C. § 1920 provides:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> **(1)** Fees of the clerk and marshal;
> **(2)** Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

> **(3)** Fees and disbursements for printing and witnesses;
> **(4)** Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> **(5)** Docket fees under section 1923 of this title [28 U.S.C. § 1923];
> **(6)** Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title [28 U.S.C. § 1828].

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

Federal Rule of Civil Procedure 54(d)(1) provides:

> **(1) Costs Other Than Attorney's Fees.**  Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party. . . . The clerk may tax costs on 14 days' notice.  On motion served within the next 7 days, the court may review the clerk's action.

District of Puerto Rico Local Civil Rule 54(a) provides:

> **(a) Taxation of Costs**
>
> Within fourteen (14) days of the entry of judgment, bills of costs shall be filed on forms available from the clerk, or on a substantially-similar filing, and shall include supporting memoranda.  Unless within fourteen (14) days after the filing of a bill of costs the opposing party files a written objection with a memorandum of law, the opposing party shall be deemed to have waived objection and the clerk shall tax the costs which appear properly claimed.

A final source of authority is the United States District Court for the District of Puerto Rico's Taxation of Costs Guidelines.  *See* U.S. DIST. CT. FOR THE DIST. OF P.R., TAXATION OF COSTS GUIDELINES (rev. Aug. 10, 2017), https://www.prd.uscourts.gov/sites/default/files/Taxation%20of%20Costs%20Guidelines%202007%20rev%2008.10.2017_0.pdf.  Relevant to the matter before the Court is the Guidelines' provisions on the taxation of interpretation services:

> Section 1920(6) permits taxation of interpreters' fees. Therefore, interpreter services rendered during trial or a deposition when it is a taxable expense, are allowable as costs.

*Id.* § II(H), at 9. The Guidelines further provide:

> It is the policy of the Office of the Clerk that compensation of interpreters **be taxed** as follows:
>
>> a. Interpreter's fees for services provided during trial or a deposition when the same is a taxable expense, are taxable costs.

*Id.* (emphasis in original).

## 2. Caselaw

"There is a background presumption favoring cost recovery for prevailing parties." *Doe v. Sanderson*, No. 16-cv-12068-IT, 2021 U.S. Dist. LEXIS 213353, at *6 (D. Mass. Nov. 4, 2021) (quoting *B. Fernandez & HNOS, Inc. v. Kellogg USA, Inc.*, 516 F.3d 18, 20 (1st Cir. 2008)); *Martinez v. Cui*, No. 06-40029-FDS, 2009 U.S. Dist. LEXIS 97267, at *3 (D. Mass. Apr. 13, 2009). "Courts retain discretion under [Federal Rule of Civil Procedure] 54(d) to decline to award costs but 'must offer an explanation for doing so unless the basis for denying costs is "readily apparent on the face of the record."'" *Doe*, 2021 U.S. Dist. LEXIS 213353, at *6 (quoting *B. Fernandez*, 516 F.3d at 28 (quoting *In re Two Appeals Arising Out of the San Juan Dupont Hotel Fire Litig.*, 994 F.2d 956, 963 (1st Cir. 1993))). "The award of costs is a matter given to the discretion of the district court, which [the First Circuit] review[s] only to ensure that no abuse of discretion occurred." *Rodriguez-Garcia v. Davila*, 904 F.2d 90, 100 (1st Cir. 1990).

Against the presumption favoring recovery of costs is "support for declining to tax those costs where 'the losing party is indigent.'" *Doe*, 2021 U.S. Dist. LEXIS 213353, at *7 (quoting *Martinez*, 2009 U.S. Dist. LEXIS 97267, at *12 (quoting *In re Two Appeals*, 994 F.2d at 963)). In *Papas v. Hanlon*, the First Circuit noted that "a district court may take into account the limited financial resources of a plaintiff in assessing [whether to impose] costs." 849 F.2d 702, 704 (1st Cir. 1988). However, "the indigence exception is narrow." *Palmquist v. Shinseki*, No. 1:07-cv-00098-JAW, 2013 U.S. Dist. LEXIS 119173, at *10 (D. Me. Aug. 22, 2013). "[T]he district court must make a threshold factual finding that the losing party is incapable of paying the court-imposed costs at this time or in the future. The burden is on the losing party to provide the district court with sufficient documentation to support such a finding. This documentation should include evidence in the form of an affidavit or other documentary evidence of both income and assets, as well as a schedule of expenses." *Martinez*, 2009 U.S. Dist. LEXIS 97267, at *13 (alteration in original) (quoting *Rivera v. City of Chicago*, 469 F.3d 631, 636 (7th Cir. 2006)).

Another factor is whether taxing costs "would undercut Congress's effort to promote the vigorous enforcement of civil rights cases brought under statutes like ADA and ADEA." *López-López*, 495 F. Supp. 3d at 87. In *López-López*, now-Circuit Judge Gelpí determined that to "award costs and fees in this case would create the unwanted 'chilling effect' of discouraging civil rights plaintiffs to bring their claims before the courts." *Id.* As Judge Gelpí wrote, "Plaintiffs, such as Ms. López, are going

to fear that if their claims fail, they would be penalized *via* court order and required to pay attorney's fees and other litigation costs." *Id.*

The case against the imposition of costs is stronger when the plaintiff prevails on some, but not all, claims, or the case presents a close question. *See Estate of Hevia v. Portrio Corp.*, 602 F.3d 34, 46 (1st Cir. 2010) ("In situations in which one party prevails on some claims and the other party prevails on other claims, the litigants are commonly ordered to bear their own costs"); *B. Fernandez*, 516 F.3d at 28 (requiring each party to bear its own costs because "[t]h[e] case, like many other cases calling for an indispensability determination under Rule 19(b), presented a close question that required considered balancing"). However, "the district court retains discretion to award costs to a party who, though losing on some claims, substantially prevails in the case as a whole." *Ira Green, Inc. v. Mil. Sales & Serv. Co.*, 775 F.3d 12, 28 (1st Cir. 2014).

A final factor may be whether Ms. Ceballos-Germosén's lawsuit was "unfounded, frivolous, or otherwise unreasonable."[2] *López-López*, 495 F. Supp. 3d at 85 (quoting *Bercovitch v. Baldwin Sch., Inc.*, 191 F.3d 8, 11 (1st Cir. 1999)) (addressing attorney's fees). On this factor, Judge Gelpí warned that courts should proceed "with great caution" because "[a]s recognized by the First Circuit, '[i]t would be all too easy to assume that, if a claim did not prevail in the end, it must have become obvious to the plaintiff at some earlier juncture (e.g., upon completion of

---

[2]     The Court uses "may be" because it is not entirely clear whether Judge Gelpí's discussion of frivolousness in *López-López* applies to bills of costs as opposed to just attorney's fees. But, as Judge Gelpí touches on frivolousness, the Court has discussed this issue as well.

discovery) that the claim lacked support.'" *Id.* at 85-86 (second alteration in original) (quoting *Lamboy-Ortiz v. Ortiz-Velez*, 630 F.3d 228, 241 (1st Cir. 2010)).

### B.   Applying the Law to the Facts

#### 1.   The Alleged Failure to Follow Procedure

Ms. Ceballos-Germosén's argument that the clerk's taxation of costs was improper in this case is a non-starter.  28 U.S.C. § 1920, Federal Rule of Civil Procedure 54(d)(1), and Local Civil Rule 54(a) all contemplate that the clerk may initially tax costs, and Federal Rule of Civil Procedure 54(d)(1) and Local Civil Rule 54(a) make the clerk's taxation subject to judicial review upon objection.  The correct procedure was followed in this case.

#### 2.   Evidence of Indigency

Although Ms. Ceballos-Germosén asserts that the taxation of costs would impose a financial hardship on her, she has not produced evidence of her financial circumstances by affidavit or other documentary evidence, which is typically required for a judicial finding of indigency, *see Martinez*, 2009 U.S. Dist. LEXIS 97267, at *13, and the evidence at trial confirmed that Ms. Ceballos-Germosén has had steady employment as an attorney at Sociedad para la Asistencia Legal since 1999.  Based on the record, Ms. Ceballos-Germosén has failed to present evidence of an inability to pay that would justify a denial of costs to the Defendants.

#### 3.   Frivolousness

Although not argued by the Defendants in their response, in *López-López*, Judge Gelpí considered whether the lawsuit itself was "unfounded, frivolous, or

otherwise unreasonable" in assessing an award of both attorney's fees and costs. *López-López*, 495 F. Supp. 3d at 85. Having presided over this contentious, but well-tried case, the Court does not conclude that it was frivolous. Ms. Ceballos-Germosén and the Defendants were fortunate to be represented by extremely able attorneys, each of whom made countervailing and persuasive presentations to the jury. Ms. Ceballos-Germosén testified passionately and articulately about her feeling that she had been discriminated against due to her gender and national origin. If the jury had agreed with her, it could have found for her on the claims submitted to it. But the Defendants presented compelling evidence that Ms. Ceballos-Germosén's issues were of her own making, especially her mistreatment of Dulce Paredes, who was herself both female and Dominican, and evidence that Ms. Ceballos-Germosén was occasionally a difficult professional colleague.

It is true that the Court granted a Rule 50 motion for several purely supervisory Defendants. However, the Court's ruling was difficult, based on evidence in a contested record and the Court's exegesis of tightly worded opinions from Puerto Rico state and federal courts. The Court does not conclude that Ms. Ceballos-Germosén's case was "unfounded, frivolous, or otherwise unreasonable."

### 4. Costs of Interpretation

Under District of Puerto Rico Guidelines, the costs of interpretation are subject to taxation. Ms. Ceballos-Germosén objects to the taxation of costs for interpretation in this case on the grounds that simultaneous translation at trial was solely for the

Defendants' own convenience, this was not a criminal case and the parties were attorneys who presumably understand English. *Pl.'s Obj.* at 4-5.

First, Ms. Ceballos-Germosén cites no authority for her argument that the cost of interpretation services to translate proceedings for parties who could not otherwise understand them should be restricted to criminal cases. The Court sees no justification for this distinction in the sources of authority cited above.

Next, the Court disagrees with Ms. Ceballos-Germosén's assumptions about the degree of English proficiency among all the Defendants. The Court recalls that several Defendants, and other attorney witnesses, elected to testify in Spanish despite their presumed knowledge of English. The trial of this case was manifestly serious. Ms. Ceballos-Germosén had charged her employer, her supervisors, and her fellow colleagues with discriminating against her based on her gender and national origin, extremely grave allegations. The Defendants had the right to a clear understanding in Spanish of what was being alleged about them, so that they could respond accurately. The Court rejects Ms. Ceballos-Germosén's claim that the interpretation services were unnecessary.

### 5.    Public Policy

Ms. Ceballos-Germosén's most salient point against the imposition of costs is the public policy concern articulated by Judge Gelpí in *López-López*: that the taxation of costs "would run contrary to Congress's efforts to promote the vigorous enforcement of civil rights and limit access to justice." 495 F. Supp. 3d at 87. As Judge Gelpí articulated in *López-López*, this is a legitimate cause for concern. The premise of

Federal Rule of Civil Procedure 54(d), however, must be considered as well, namely that "[t]ypically costs are allowed in favor of the winning party against the losing party to provide at least partial indemnification of the expenses incurred in establishing the claim or defense" and that "costs almost always amount to less than the successful litigant's total expenses in connection with a lawsuit."  10 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2666 (4th ed. 2014).

Even though this case was ideal for jury resolution, the Court does not view it as a "close case" within the way the phrase is used in the context of taxation of costs. In *Estate of Hevia*, for example, the First Circuit concluded that the case involved "close questions," noting that "the defendants prevailed on the copyright infringement claim, [and] the plaintiffs prevailed on the counterclaims."  602 F.3d at 46-47; *see B. Fernandez*, 516 F.3d at 28 (requiring each party to bear its own costs because "[t]h[e] case, like many other cases calling for an indispensability determination under Rule 19(b), presented a close question that required considered balancing").  Here, the Defendants' victory was complete.

In other cases where defendants prevailed in the defense of civil rights claims, courts have often, though not always, imposed costs on the losing plaintiff.  *See Palmquist*, 2013 U.S. Dist. LEXIS 119173, at *15-17; *Martinez*, 2009 U.S. Dist. LEXIS 97267, at *17-18 (declining to deny costs on the ground of an alleged chilling effect because the defendant prevailed in the lawsuit and "was cleared in all respects" of the plaintiff's sexual assault claims); *Halasz v. Univ. of New Eng.*, 821 F. Supp. 40,

42 (D. Me. 1993).  *But see López-López*, 495 F. Supp. 3d at 86-87; *Doe*, 2021 U.S. Dist. LEXIS 213353, at *7-8 (declining to impose costs against an inmate plaintiff who was indigent and had filed a non-frivolous excessive force claim against Massachusetts corrections officers).

On balance, the Court concludes that in this case, costs should be taxed in favor of the prevailing parties.  In reaching this conclusion, the Court considered several factors.  First, the presumption that the prevailing party is entitled to costs.  Second, the concern about access to justice in the enforcement of civil rights laws.  Third, the absence of any evidence of indigency or inability to pay.   Fourth, even though Congress could have exempted civil rights actions from the general rule that the losing party pays costs, it has not done so.  Fifth, if the exemption of civil rights plaintiffs from the operation of Rule 54(d) became the general rule, it would remove a slight, but real, incentive for civil rights plaintiffs to settle their cases short of trial, since they have something to lose, not just to gain, by trial.  Sixth, Ms. Ceballos-Germosén, as an attorney, must have been fully aware of the provisions of Rule 54(d) and the likelihood she would be required to pay costs if she lost, yet this prospect did not chill her from filing suit in federal court and going to trial.  Seventh, the impact on other potential civil rights claims of an award of costs to the prevailing party in this case seems more theoretic than practical since unlike *Doe*, there is not a specific and definite class of plaintiffs, such as indigent inmates bringing excessive force charges against corrections officers, to which a fee order would more generally apply.  Eighth, unlike some cases, this is not one where the losing party can claim a partial

13

victory on some aspects of the case. Ninth, *López-López*, the case upon which Ms. Ceballos-Germosén principally relies, was decided several years after Ms. Ceballos-Germosén initiated this action and therefore could not have affected her decision to pursue her claims in federal court.

In short, the Court concludes that its exercise of discretion in the awarding, or not, of costs, should be made on a case-by-case basis, even in civil rights claims, and the facts in this case lead the Court to apply the presumption favoring the prevailing parties with costs in accordance with Federal Rule of Civil Procedure 54(d).

## V.    CONCLUSION

The Court OVERRULES Fremia Ceballos-Germosén's objection (ECF No. 283) to the Deputy Clerk of Court's Taxation of Costs (ECF No. 282), AFFIRMS the Deputy Clerk of Court's Taxation of Costs (ECF No. 282) in its entirety, and approves the Defendants' Bill of Costs in the total amount of $21,642.35.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 5th day of January, 2024

14